**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

|  |  |
| --- | --- |
| UNITED STATES OF AMERICA, | No. 09-50145 |
| Plaintiff - Appellee, | D.C. No. 3:07-CR-02466-JM |
| v. | |
| GUADALUPE GONZALEZ-ALVARADO, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Southern District of California
Jeffrey T. Miller, District Judge, Presiding

Submitted February 16, 2010[**]

Before: FERNANDEZ, GOULD, and M. SMITH, Circuit Judges.

Guadalupe Gonzalez-Alvarado appeals from the 108-month sentence

imposed following her guilty-plea conviction for possession with intent to

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

EG/Research

distribute methamphetamine and possession with intent to distribute heroin, in violation of 21 U.S.C. §§ 846 and 841(a)(1). We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

Gonzalez-Alvarado contends that the district court erred in determining that she was ineligible for the minor participant role adjustment pursuant to U.S.S.G. § 3B1.2(b). The district court did not clearly err in concluding that Gonzalez-Alvarado had not met her burden of proof of establishing that she was substantially less culpable than co-participants in the smuggling scheme. *See United States v. Cantrell*, 433 F.3d 1269, 1282-83 (9th Cir. 2006). Contrary to Gonzalez-Alvarado's contention, the district court's findings encompassed the required comparison of Gonzalez-Alvarado with co-participants in the scheme.

Gonzalez-Alvarado further contends that the district court procedurally erred by failing to consider and discuss the factors set forth at 18 U.S.C. § 3553(a) and imposed a substantively unreasonable sentence when it placed greater weight on the serious nature of the offense than on the other § 3553(a) factors. Our review of the record indicates that the district court did not procedurally err. *See Rita v. United States*, 551 U.S. 338, 356-59 (2007); *United States v. Carty*, 520 F.3d 984, 991-92, 995 (9th Cir. 2008) (en banc). Considering the totality of the

circumstances, the district court's sentence at the bottom of the Guidelines range was substantively reasonable. *Carty*, 520 F.3d at 993.

**AFFIRMED.**